UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lexie Williams, | Case No. 22-cv-89 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Doctor Morgen, Medical Doctor; Doctor Klein, Psychology/Psychiatry Departments; and Doctor Hart, Medical Doctor/Medical Staff, Psychology/Psychiatry Departments | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon the routine supervision of the matters that pend before the undersigned.

Plaintiff Lexie Williams is a civil detainee of the federal government held pursuant to 18 U.S.C. § 4246. See, United States v. Williams, No. 5:08-hc-2127-BR, Docket No. 11 (E.D.N.C. January 7, 2009). In this action, Plaintiff sues three medical professionals employed at the Federal Medical Center in Rochester, Minnesota, where Plaintiff is currently detained in an apparent attempt to challenge his present civil commitment. For the reasons explained below, this Court recommends that the lawsuit be dismissed without prejudice.

First, Plaintiff was informed by the Clerk of Court upon initiating this litigation that he would be required to submit either the filing fee or, alternatively, an application to proceed in forma pauperis ("IFP"), failing which this matter could be summarily dismissed without prejudice for failure to prosecute. (See, Letter [Docket No. 2]). More than a month has now passed since that warning, and although Plaintiff has submitted several documents to the Court since that time, he

has not yet paid the filing fee or applied for IFP status. The Court would be justified in dismissing this action for failure to prosecute. See, Fed. R. Civ. P. 41(b); Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). This represents a sufficient, independent basis upon which to dismiss the present action.

Second, although the documents submitted by Plaintiff are extraordinarily difficult to read,[1] much of the Complaint and subsequently filed documents appear to be an attack on the legality of Plaintiff's civil commitment. But civil detainees are prohibited from bringing generic civil claims that, if successful, would necessarily call into question the validity of their detention as a whole. See, Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); McHorse v. Minnesota Dep't of Human Services, Civ. No. 21-2103 (PAM/JFD), 2021 WL 4895281, at *2 (D. Minn. Oct. 20, 2021) (collecting cases and applying Heck to claims brought by civil detainee); Cistrunk v. Johnson, Civ. No. 08-2203 (DWF/RLE), 2009 WL 2766727, at *7 n.5 (D. Minn. Aug. 31, 2009) (noting that Heck applies to claims brought under Bivens rather than § 1983). Plaintiff cannot use this lawsuit as a vehicle for attacking his civil detention.[2]

Third, to the extent that Plaintiff is seeking relief due to the alleged illegality of the conditions of his confinement, he has failed to present any factual basis upon which to conclude that the specific Defendants named to this action have done anything unlawful. See, 28 U.S.C.

---

[1] This is true in two respects: Plaintiff's handwriting at times is illegible, and even where the words written by Plaintiff can be read, it is often difficult to understand what thought, idea, or claim Plaintiff is attempting to convey. Nevertheless, this Court has reviewed each of the documents submitted by Plaintiff in attempting to ascertain the grounds for relief that Plaintiff seeks to assert in this matter.

[2] Nor can this Court simply reinterpret the pleading into the appropriate procedural vehicle. To the extent that Plaintiff seeks to challenge the validity of his ongoing detention, he must do so through a motion brought pursuant to 18 U.S.C. § 4247(g). See, Archuleta v. Hedrick, 365 F.3d 644, 648-49 (8th Cir. 2004). That motion must be brought in the district where Plaintiff's detention proceedings occurred, not the district in which Plaintiff is detained.

§ 1915(e)(2)(B); <u>Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa</u>, 490 U.S. 296, 307-08 (1989) (noting that courts have inherent authority to dismiss a frivolous action <u>sua sponte</u>). It is not enough for Plaintiff to allege that he has been wronged in some way; he must allege that the specific person or persons named as opposing parties are responsible for the alleged wrongdoing. <u>See</u>, <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990). None of the documents submitted by Plaintiff contain sufficient factual allegations to do this.

For all of these reasons, this Court recommends that this action be summarily dismissed without prejudice. Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice**.


Dated: February 25, 2022                              <u>s/Leo I. Brisbois</u>
                                                     Hon. Leo I. Brisbois
                                                     United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).